UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

GRANT MICHAEL GASSAWAY,

    Appellant,

v.

TMGN 121, LLC,

    Appellee.

No. 5:19-CV-082-H

## **MEMORANDUM OPINION AND ORDER**

In this bankruptcy appeal, Grant Gassaway challenges the Bankruptcy Court's entry of judgment against him, claiming that each of the following actions constituted an abuse of discretion or an error of law: the (1) entry of default judgment; (2) entry of a judgment of non-dischargeability; (3) award of exemplary damages; and (4) award of attorney's fees. After reviewing the record and finding no abuse of discretion or error of law as to the first three issues, the Court affirms the judgment of the Bankruptcy Court as to those issues. In light of a recent Texas Supreme Court case clarifying Texas law with respect to the evidence required to sustain an award of attorney's fees, which issued after the Bankruptcy Court entered judgment in this case, the Court remands this matter to the Bankruptcy Court for the limited purpose of allowing the Bankruptcy Court to make findings of fact regarding the calculation of attorney's fees under the lodestar method.

**1.    Factual Background**

TMGN entered into a leasing agreement with GMG Teas, LLC, an entity owned by Gassaway, in February 2015 for retail lease space located at 5733 State Highway 121, Suite 100, The Colony, Texas 75056. Record, Volume 1 ("R. Vol. 1") at 26–48. Gassaway and GMG required TMGN to modify the space prior to executing the lease. Affidavit of Yoram

Avneri, Appendix in Support of Appellant's Brief ("App.") 382 at ¶ 7. GMG took possession of the leased premises on September 1, 2015. *See* Deposition of Grant Gassaway 94:1–95:19, R. Vol. 1. Under the terms of the lease, the first rent payment was due at the Commencement Date of December 30, 2015. *Id.* at 95:20–96:12. Gassaway executed a personal guaranty for all of GMG's liabilities on the lease. *Id.* at 136:22–139:20. GMG defaulted by failing to make any rent payments, and TMGN provided it with timely notice of default. App. 378 at Ex. 8.

In April 2017, Gassaway testified under oath in an underlying state-court proceeding that he had falsified financial statements to make GMG appear to be a stronger candidate for tenancy than it otherwise would have been. Gassaway Dep. 65:2–70:1. Gassaway stated that he and his real estate broker decided to "add another zero" to the end of each of his financial statements. *Id.* at 65:2–71:11. These misrepresentations provided incorrect values as to Gassaway's assets, ownership history in real estate, income levels, job titles, and net worth. App. 298–300. On April 13, 2018, Gassaway filed a petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas. R. Vol. 7 at 3–10.

TMGN filed an Original Complaint to Determine Nondischargeability of Debt in the Bankruptcy Court on July 24, 2018. App. 4–24. After not receiving any response to the Complaint, TMGN moved for Entry of Default against Gassaway. R. Vol. 3 at 1–123. On January 10, 2019, the Clerk for the Bankruptcy Court submitted its Entry of Default. R. Vol. 4 at 5–7. On March 15, 2019, TMGN filed its Motion for Default Judgment. R. Vol. 5 at 1–118. Gassaway filed an Original Answer to the Complaint, a Response to the Motion for Default Judgment, and a Declaration on April 8, 2019. R. Vol. 6 at 11–19. Two days

later, the Bankruptcy Court conducted a hearing on TMGN's Motion for Default Judgment and orally granted that motion. App. 477–95.

On April 19, 2019, Gassaway filed an Objection to Entry of Judgment as Proposed. R. Vol. 6 at 20–29. On April 22, 2019, the Court entered judgment, awarding TMGN a non-dischargeable judgment against Gassaway in the amount of $778,821.02. The judgment included (a) $262,383.49 owed pursuant to the personal guaranty; (b) $524,766.98 in exemplary damages; (c) $68,879.76 for attorney's fees; and (d) $790.79 for costs of court. *Id.* at 30–32. On May 1, 2019, Gassaway filed notice of this appeal, and briefing completed in late October. *Id.* at 33–35; Dkt. Nos. 6, 8, 9.

## 2. Standards of Review

This Court reviews the Bankruptcy Court's conclusions of law de novo and its findings of fact for clear error. *See In re Thaw*, 769 F.3d 366, 368 (5th Cir. 2014); *Matter of Chu*, 679 F. App'x 316, 318 (5th Cir. 2017). Mixed questions of law and fact are reviewed de novo. *In re McLain*, 516 F.3d 301, 307 (5th Cir. 2008). Because Gassaway's argument regarding the award of exemplary damages is a challenge to a conclusion of law, the Court reviews the award of exemplary damages de novo.

Matters within a bankruptcy judge's discretion, including evidentiary rulings, are reviewed for abuse of discretion. *See In re Vallecito Gas, LLC*, 771 F.3d 929, 932 (5th Cir. 2014); *In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1042 (5th Cir. 2012). "A bankruptcy court abuses its discretion when it applies an improper legal standard or rests its decision on findings of fact that are clearly erroneous." *In re TWL Corp.*, 712 F.3d 886, 891 (5th Cir. 2013).

3

3. Analysis

   A. **The Bankruptcy Court did not abuse its discretion in entering a default judgment against Gassaway despite his untimely appearance and objection**.

A bankruptcy court's entry of a default judgment is reviewed for abuse of discretion. *In re OCA, Inc.*, 551 F.3d 359, 366 (5th Cir. 2008). "Because of the seriousness of a default judgment . . . even a slight abuse of discretion may justify reversal." *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)). Whether a defendant's failure to answer was willful, however, is a factual inquiry that is reviewed for clear error. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992). Federal Rule of Civil Procedure 55(c) dictates that a trial court "may set aside an entry of default for good cause," and it may set aside a final default judgment under Federal Rule of Civil Procedure 60(b), which provides for relief from a final order.

In determining whether good cause exists to set aside a default, the Fifth Circuit has primarily considered three factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985). Subsequent Fifth Circuit decisions have made this test disjunctive, and any single factor may be sufficient to support a trial court's refusal to set aside an entry of default. *Matter of Dierschke*, 975 F.2d 181, 183–84 (5th Cir. 1992). Additionally, courts have considered "other factors including whether: (1) the public interest was implicated, (2) there was a significant financial loss to the defendant, and (3) the defendant acted expeditiously to correct the default." *Id.* at 184.

Here, Gassaway's willfulness in failing to answer TMGN's allegations precludes him from showing that the Bankruptcy Court abused its discretion in refusing to set aside the entry of default and entering a default judgment. The Bankruptcy Court weighed

4

Gassaway's credibility and found that Gassaway acted willfully in failing to answer TMGN's Complaint. Specifically, the Bankruptcy Court stated, "Mr. Gassaway has filed other pleadings in [the underlying bankruptcy case]. Mr. Gassaway knows how to file an answer to the complaint . . . And I'm not accepting his statement under his declaration that he was unable to because he could not afford counsel." App. 491.

Notably, Gassaway does not dispute that he was aware of TMGN's Complaint over the several months during which he failed to answer it. His appearance before the Bankruptcy Court to contest the entry of default judgment is a form of "late-breaking diligence" that "pales in comparison to the kind of post-service conduct that [the Fifth Circuit has] found to foreclose a finding of willfulness." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 501 (5th Cir. 2015). "Willful failure alone may constitute sufficient cause" for a court to deny a motion to set aside a default, and Gassaway showed such willful failure in the adversarial proceedings before the Bankruptcy Court. *Dierschke*, 975 F.2d at 184–85.

While Gassaway's willfulness in failing to defend against TMGN's allegations in the Bankruptcy Court is independently sufficient to prevent the Court from reversing the denial of Gassaway's motion to set aside the default, Gassaway has also failed to show that default judgment prevented him from presenting any meritorious defense. At the hearing before the Bankruptcy Court on Gassaway's motion to set aside the entry of default, counsel for Gassaway implied that his client had a meritorious defense on the grounds that he did not act with fraudulent intent: "I don't agree with the representations as to the statements of Mr. Gassaway from his deposition. I do believe that there is lack of the intent element to satisfy any of those claims that have been being [sic] brought forward." App. 487.

5

Yet, as TMGN notes in its brief, Gassaway testified at his deposition that he added zeros to the end of his financial statement to make his company appear more attractive as a commercial tenant. *See* Gassaway Dep. 65:2–71:11. Gassaway presents no argument for why this behavior would not qualify as fraudulent or how he intended to present a meritorious defense against the fraud claims if the Bankruptcy Court had set aside the default. Accordingly, the Court will not vacate the default judgment because Gassaway "does not demonstrate that there is a possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Scott v. Carpanzano*, 556 F. App'x 288, 296 (5th Cir. 2014) (citing *In re OCA, Inc.*, 551 F.3d at 373) (internal quotation marks omitted).

### B. The judgment of non-dischargeability rests on TMGN's statutory fraud claim, and therefore the Bankruptcy Court committed no error in awarding a judgment of non-dischargeability.

Gassaway argues that the Bankruptcy Court committed an error of law or an abuse of discretion by awarding a judgment of non-dischargeability, which he claims rested on TMGN's claim under the Texas DTPA. Because Gassaway's argument that the Bankruptcy Court erroneously determined Gassaway's debt to TMGN to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2) is a claim that the Bankruptcy Court applied the wrong legal standard, the Court reviews the Bankruptcy Court's determination de novo. *Matter of JFK Capital Holdings, LLC*, 880 F.3d 747, 751 (5th Cir. 2018).

Although Gassaway attacks the validity of the non-dischargeability determination on the grounds that TMGN lacked standing under the DTPA, the record indicates that the Bankruptcy Court's judgment of non-dischargeability did not rest on the DTPA but rather on TMGN's statutory-fraud claim and that the statutory-fraud claim provides an adequate basis for the judgment of non-dischargeability.

6

Under Tex. Bus. & Com. Code § 27.01(a), fraud in a real estate transaction consists of a "false representation of a past or existing material fact, when the false representation is (A) made to a person for the purpose of inducing that person to enter into a contract; and (B) relied on by that person in entering into that contract." TMGN pled the statutory-fraud cause of action as a basis for its non-dischargeability claim. *See* R. Vol. 1, pgs. 5–114. Gassaway did not challenge TMGN's statutory-fraud claim in the Bankruptcy Court, and he does not do so in this appeal. TMGN's Br. 23, Dkt. No. 8; Gassaway's Br. 12–14, Dkt. No. 6. Moreover, a statutory-fraud claim under Tex. Bus. & Com. Code § 27.01 may support a judgment of non-dischargeability. *See In re Johnson*, 1993 U.S. App. LEXIS 39471, at *1, 7–9 (5th Cir. 1993); *In re Rosenbaum*, No. 08-43029, 2011 WL 4553440, at *1 (E.D. Tex. Sept. 29, 2011). Accordingly, the Court finds that the Bankruptcy Court committed no error in awarding a judgment of non-dischargeability to TMGN and upholds the judgment of non-dischargeability.

### C. The Bankruptcy Court did not apply the wrong legal standard by awarding exemplary damages, and the parties have not shown any other error related to the calculation of damages.

Gassaway argues that the Bankruptcy Court committed an error of law by awarding exemplary damages on TMGN's statutory-fraud claim pursuant to Tex. Bus. & Com. Code § 27.01(e) without weighing the six statutory factors enumerated in Tex. Civ. Prac. & Rem. Code § 41.011(a). He objects to the Bankruptcy Court's exemplary-damages award of twice TMGN's economic damages and contends that the size of the award reinforces the need to weigh the statutory factors on the record. Gassaway's Br. 16–17. Gassaway also argues that the Bankruptcy Court erred in denying him a bifurcated hearing on the amount of exemplary damages. Because Gassaway's argument is a claim that the Bankruptcy Court

7

applied an incorrect legal standard in assessing exemplary damages, the Court reviews the award de novo.

### i. Gassaway did not waive his objection to the award of exemplary damages.

TMGN argues that Gassaway waived any objections to the award of exemplary damages by failing to object to the award at the hearing regarding TMGN's Motion for Default Judgment. *See* TMGN's Br. 26. TMGN, however, does not provide supporting authority for this proposition, and the record indicates otherwise. *Id.*

Gassaway's April 19, 2019 Objection to Entry of Judgment argued that "exemplary damages and attorneys' fees are not established by, and cannot be calculated from, Plaintiff's pleadings and supporting documents upon the standards for the same under Texas law." App. 459. The Court finds that this objection sufficiently preserved the issue of exemplary damages for appeal.

### ii. While Tex. Civ. Prac. & Rem. Code § 41.011(a) requires the trier of fact to consider any evidence of the defendant's net worth, among other considerations, the Bankruptcy Court implicitly considered such evidence.

When "determining the amount of exemplary damages, the trier of fact shall consider evidence, if any," that relates to "(1) the nature of the wrong; (2) the character of the conduct involved; (3) the degree of culpability of the wrongdoer; (4) the situation and sensibilities of the parties concerned; (5) the extent to which such conduct offends a public sense of justice and propriety; and (6) the net worth of the defendant." Tex. Civ. Prac. & Rem. Code § 41.011(a). Exemplary damages may not exceed twice the amount of economic damages. Tex. Civ. Prac. & Rem. Code § 41.008(b).

On appeal, Gassaway asserts that the Bankruptcy Court failed to consider evidence of the final factor, the defendant's net worth, but the record contradicts that assertion. In his objections to the proposed judgment, Gassaway cited the six Section 41.011(a) factors to the Bankruptcy Court. App. 462. The Bankruptcy Court stated on the record that it had reviewed Gassaway's filings in connection with TMGN's motion for default judgment, *see id.* at 490, and this Court has no reason to doubt that the Bankruptcy Court reviewed Gassaway's objections to the entry of judgment. Additionally, the Court agrees with TMGN that the Bankruptcy Court's knowledge and awareness of Gassaway's financial condition has not been reasonably called into question on appeal given the Bankruptcy Court's management of the underlying proceedings. *See* TMGN's Br. 28.

Gassaway has not cited to, and the Court has not located, any authority holding that the factfinder's consideration of the Section 41.011(a) factors must occur explicitly on the record. The only Texas case to which he cites in the relevant section of his brief states only that a trial court "should take into consideration" the Section 41.011(a), which merely reframes the statutory language. *Copeland v. Cooper*, No. 05-13-00541-CV, 2015 WL 83307, at *6 (Tex. App.—Dallas, Jan. 7, 2015). Thus, the Court holds that it was not error for the Bankruptcy Court to award exemplary damages without explicitly detailing the Section 41.011(a) factors on the record.

### iii. Gassaway was not entitled to a bifurcated hearing on the amount of exemplary damages.

Gassaway also claims that the Bankruptcy Court erred by denying him a bifurcated hearing on the amount of exemplary damages. Gassaway's Reply Br. 6–7, Dkt. No. 9. Fifth Circuit precedent, however, forecloses this argument. Although Texas courts are required to bifurcate liability from punitive damages, within the federal system "bifurcation

9

is a case-specific procedural matter within the sole discretion of the district court." *Nester v. Textron, Inc.*, 888 F.3d 151, 163 (5th Cir. 2018). Because Gassaway cannot show that the Bankruptcy Court abused its discretion, the Court will not reverse the award of punitive damages for a failure to bifurcate. *See First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992) (citing *Gonzalez–Marin v. Equitable Life Assur. Soc.*, 845 F.2d 1140, 1145 (1st Cir. 1988)).

      iv.    **Gassaway's claim that the Bankruptcy Court failed to properly offset TMGN's recovery from another defendant cannot prevail, but nor can TMGN obtain up to three times the amount of actual damages in exemplary damages under the DTPA tie-in statute.**

Gassaway argues that the Bankruptcy Court incorrectly calculated the maximum amount of punitive damages available under Tex. Civ. Prac. & Rem. Code § 41.008(b) by failing to properly offset TMGN's recovery from another defendant, placing the maximum possible exemplary damages at $368,766.98 rather than the $524,766.98 that the Bankruptcy Court awarded. Gassaway's Br. 17–18. While Gassaway does not specify his basis for asserting that TMGN recovered $78,000 from another defendant, neither does TMGN attack this argument in its brief.

Although the basis for Gassaway's offset claim is uncertain, Texas law does not demand an offset for the amount recovered from another defendant. Exemplary-damage calculations "are based on the [judge's] award of actual damages, not the amount actually recovered by the plaintiff in the judgment." *Gilcrease v. Garlock, Inc.*, 211 S.W.3d 448, 458 (Tex. App.—El Paso 2006, no pet.) (collecting cases). Thus, the Bankruptcy Court did not err by not applying an offset.

TMGN implicitly responds to the offset argument by claiming in its brief that Section 27.015 of the Texas Business & Commerce Code provides a "tie-in" to the DTPA and

allows TMGN to recover exemplary damages up to three times the amount of actual damages. Dkt. No. 8 at 25–26. Because the Court concludes that the Bankruptcy Court did not err by refusing to apply an offset, however, the Court need not address TMGN's argument.

> D. **The Bankruptcy Court's failure to require segregation of attorney's fees was not an abuse of discretion, but the Texas Supreme Court's recent decision in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP* requires a limited remand to permit additional findings of fact as to the reasonableness and necessity of the fees.**

The Court "reviews the bankruptcy court's award of attorney's fees for abuse of discretion." *In re Babcock & Wilcox Co.*, 526 F.3d 824, 826 (5th Cir. 2008). A bankruptcy court abuses its discretion when it "(1) applies an improper legal standard or follows improper procedures in calculating the fee award or (2) rests its decision on findings of fact that are clearly erroneous." *Id.* (internal citation omitted). The Bankruptcy Court's findings of fact are reviewed for clear error, and its legal conclusions are reviewed de novo. *Id.*

> i. **Gassaway did not waive his objection to the award of attorney's fees.**

TMGN argues that Gassaway waived any objections to the award of attorney's fees by failing to object to the award at the hearing regarding TMGN's Motion for Default Judgment. *See* TMGN's Br. 29. TMGN, however, provides the Court with no authority for this proposition, and the record indicates otherwise. *Id.*

Gassaway's April 19, 2019 Objection to Entry of Judgment argued that "exemplary damages and attorneys' fees are not established by, and cannot be calculated from, Plaintiff's pleadings and supporting documents upon the standards for the same under Texas law." App. 459. This objection sufficiently preserved the issue of attorney's fees for the purposes of appeal.

11

### ii. Texas law governs the award of attorney's fees and the reasonableness of the fee award in this case.

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Because Texas substantive law applies to the statutory-fraud claim on which the award of attorney's fees was based, Texas law also governs the award of attorney's fees and reasonableness of that fee award in this case. *See id.* As discussed above, Tex. Bus. & Com. Code § 27.01(e) entitles a successful statutory-fraud plaintiff to "reasonable and necessary attorney's fees." Accordingly, the statutory basis for the award of attorney's fees is not in question.

### iii. The Bankruptcy Court did not abuse its discretion in failing to require TMGN to segregate attorney's fees by claim.

Gassaway argues that, because TMGN brought multiple claims and only some of those claims were successful, the Bankruptcy Court abused its discretion in failing to require TMGN to segregate fees according to TMGN's various claims and in awarding the requested fees without requiring segregation. Under Texas law, "fee claimants have always been required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). However, "when the causes of action involved in the [underlying] suit are dependent upon the same set of facts or circumstances and thus are intertwined to the point of being inseparable, the party suing for attorney's fees may recover the entire amount covering all claims." *Biliouris v. Sundance Res., Inc.*, No. 3:07-CV-1591-N, 2010 U.S. Dist. LEXIS 143214, at *7 (N.D. Tex. Nov. 3, 2010) (quoting *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 11–12 (Tex. 1991)).

12

Here, although the Court finds that TMGN's DTPA claims were not recoverable, the statutory-fraud and DTPA claims were so intertwined as to preclude application of the fee-segregation requirement. In an analogous case, the Texas Court of Appeals held that a plaintiff was not required to segregate attorney's fees between a statutory-fraud claim under Section 27.01 and a breach-of-contract claim because both claims arose from the same facts: contracts between the parties, the defendant's false representations to the plaintiff, and injury to the plaintiff. *Gonyea v. Kerby*, No. 10-12-00182-CV, 2013 WL 4040117, at *6–7 (Tex. App.—Waco Aug. 8, 2013, pet. denied) (citing *Chapa*, 212 S.W.3d at 313–14). Similarly, TMGN's statutory-fraud claim and its DTPA claims rest on identical facts: Gassaway made misrepresentations, those misrepresentations induced TMGN to enter into a real estate leasing contract with Gassaway, and TMGN suffered financial injury as a result. Accordingly, the Court finds that TMGN was not required to segregate its fees. *See Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121, 143 (Tex. App.—Waco 2005, pet. denied).

  iv. **The Texas Supreme Court's decision in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, which issued after the Bankruptcy Court entered judgment in this case, requires a lodestar calculation to support an award of attorney's fees.**

Under Texas law, courts consider the following factors in determining whether an award of attorney's fees is reasonable:

> (1) the time and labor required, novelty and difficulty of the questions involved, and skill required to properly perform the legal service; (2) the likelihood the lawyer's acceptance of the particular employment will preclude other employment; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812, 818 (Tex. 1997) (citing Tex. Disciplinary R. Prof. Conduct 1.04). Litigants seeking attorney's fees are "not required to present evidence on each of these factors." *City of Laredo v. Negrete*, No. 04-08-00737-CV, 2010 WL 454921, at *9 (Tex. App.—San Antonio Feb. 10, 2010, pet. denied) (*citing Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.*, 113 S.W.3d 889, 897–98 (Tex. App.—Dallas 2003, no pet.)).

Many Texas appellate courts held in cases decided until April 2019 that an attorney's testimony regarding the overall fee and the reasonableness of that fee was sufficient to sustain an award of attorney's fees pursuant to a fee-shifting statute or contractual provision. *See Metroplex Mailing Servs., LLC v. RR Donnelley & Sons Co.*, 410 S.W.3d 889, 900 (Tex. App.—Dallas 2013, no pet.); *Jeff Kaiser, PC v. State*, No. 03-15-00019-CV, 2016 WL 1639731, at *5 (Tex. App.—Austin Apr. 20, 2016, pet. denied); *Jimoh v. Nwogo*, No. 01-13-00675-CV, 2014 WL 7335158, at *7 (Tex. App.—Houston [1st Dist.] Dec. 23, 2014, no pet.); *Ferrant v. Graham Assocs. Inc.*, No. 02-12-00190-CV, 2014 WL 1875825, at *9 (Tex. App.—Fort Worth May 8, 2014, no pet.).

But on April 26, 2019, four days after the Bankruptcy Court entered judgment against Gassaway, the Texas Supreme Court held in *Rohrmoos Venture v. UTSW DVA Healthcare, LLP* that, to sustain any fee award over a timely challenge on appeal, a party seeking attorney's fees must submit at least "evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." 578 S.W.3d 469, 501–02 (Tex.

2019). *Rohrmoos* held that a lodestar calculation must be performed in all fee-shifting situations, abrogating *Metroplex* and its progeny. *See id.* at 496.

Here, although Muckleroy's affidavit generally described the legal services he conducted in connection with the case, Muckleroy did not provide the number of hours spent on each task or on all tasks in the aggregate, and he did not provide the hourly rate he used to calculate his requested fee award. App. 399–403. Accordingly, the Muckleroy affidavit is insufficient under *Rohrmoos,* which precludes this Court from sustaining the Bankruptcy Court's award of attorney's fees to TMGN. Given *Rohrmoos*, additional findings are necessary before the Court may review this award.

### v. The Court remands to the Bankruptcy Court for the limited purpose of making additional factual findings as to the reasonableness and necessity of the fee award.

Finding no error in the Bankruptcy Court's award of attorney's fees under Texas law as it existed at the time the Bankruptcy Court entered judgment against Gassaway, the Court declines to vacate the fee award. Rather, the Court remands this matter to the Bankruptcy Court for the limited purpose of conducting further proceedings to determine the reasonableness and necessity of the fee award in light of the lodestar requirement imposed by *Rohrmoos*. *See Matter of HECI Expl. Co., Inc.*, 862 F.2d 513, 516 (5th Cir. 1988) (describing an order of limited remand that required the bankruptcy court to clarify the basis for a conclusion of law).

The Bankruptcy Court should conduct proceedings as necessary, make findings as to the reasonableness and necessity of the fee award under *Rohrmoos*, and transmit its determination to this Court. *See generally In re Martin*, No. EC-92-1005-RJP, 1993 WL 13938047 (B.A.P. 9th Cir. Dec. 14, 1993) (noting that the Bankruptcy Appellate Panel ordered a four-month limited remand for the bankruptcy court to make a factual

15

determination); *In re Scott*, 437 B.R. 376, 378 n.4 (B.A.P. 9th Cir. 2010) (discussing a similar order of limited remand). After the Bankruptcy Court transmits its determination and records thereof to this Court, Gassaway's appeal will be deemed to be fully submitted, and this Court will resolve the attorney's-fees issue.

4. **Conclusion**

After reviewing the record, the Court finds no abuse of discretion or error of law in the Bankruptcy Court's entry of default judgment, entry of a non-dischargeable judgment, or award of exemplary damages. Because the Court finds that the Texas Supreme Court's decision in *Rohrmoos* requires a lodestar calculation that includes the number of hours spent on particular legal services and the reasonable hourly rate for such services, the Court remands this matter to the Bankruptcy Court for further proceedings. The Bankruptcy Court should conduct proceedings as necessary, make a determination, and transmit that determination to this Court, at which time Gassaway's appeal will be deemed fully submitted and resolved.

So ordered on February 18, 2020.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE